IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

No. 26-7368

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*

v.

STEVE HOBBS, in his official capacity as Secretary of State of the State of Washington,
*Defendant-Appellee*

COMMON POWER, WASHINGTON ALLIANCE FOR RETIRED AMERICANS, COMMON CAUSE, and WASHINGTON CONSERVATION ACTION EDUCATION FUND,
*Intervenor-Defendants-Appellees*

---

ON APPEAL FROM THE ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WESTERN DISTRICT OF WASHINGTON

---

**UNITED STATES' UNOPPOSED MOTION TO HOLD BRIEFING IN ABEYANCE PENDING RESOLUTION OF RELATED NINTH CIRCUIT PROCEEDINGS**

---

Plaintiff-appellant United States respectfully requests, pursuant to Federal Rule of Appellate Procedure 26(b), that the Court enter an order holding briefing in abeyance pending decisions from the panel in *United States v. Oregon*, No. 26-1231 (9th Cir. argued May 19, 2026), and *United*

*States v. Weber*, No. 26-1232 (9th Cir. argued May 19, 2026). Notwithstanding the importance of an urgent resolution of the issues presented in this case, this appeal shares common questions of law with *Oregon and Weber*. Holding these proceedings in abeyance until those cases are resolved will substantially further the interests of judicial economy. Counsel for defendant-appellees have been informed of the United States' intent to file this Motion and consent to the relief requested. In further support, the United States provides as follows:

1. This appeal arises from an action by the United States Department of Justice (DOJ) against Washington Secretary of State Steve Hobbs alleging, *inter alia*, that Secretary Hobbs violated Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. 20701 *et seq.*, which requires state election officials to retain certain federal election records and allows the federal government to demand such records.

2. More specifically, the DOJ alleged that Secretary Hobbs violated the CRA by refusing the Attorney General's demand for an electronic, unredacted copy of Washington's Statewide Voter Registration List (SVRL) to determine Washington's compliance with the

National Voter Registration Act of 1993 (NVRA), 52 U.S.C. 20501 *et seq.*, and the Help America Vote Act of 2002 (HAVA), 52 U.S.C. 20901 *et seq.*

3. Section 301 of Title III requires "[e]very officer of election [to] retain and preserve . . . all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in [a federal] election." 52 U.S.C. 20701.

4. The custodian of any such "record or paper" must make the same "available for inspection, reproduction, and copying" "upon demand in writing by the Attorney General or his representative" containing "a statement of the basis and the purpose therefor." 52 U.S.C. 20703.

5. Pursuant to these provisions of Title III, the Attorney General, through the DOJ, sent a demand to Secretary of State Hobbs to produce Washington's SVRL in September of 2025. *See* Complaint, Doc. 1, at 5-6 (Dec. 2, 2025).

6. After Secretary Hobbs refused the Attorney General's demand, the United States commenced this suit. *See* Complaint, Doc. 1, at 7-8.

7. On September 22, 2026, the district court dismissed the United States' Complaint and denied the United States' Motion to

Compel the SVRL as moot, reasoning that the SVRL "could [not] be subject to a Title III demand because it did not 'come into' an election official's possession but was instead created by election officials." Order Granting Mots. to Dismiss, Doc. 96, at 8 (Sept. 22, 2026); *see also id.* at 10.

8. Prior to the district court's order in this case, this Court was already at work deliberating "[w]hether the CRA permits the United States to obtain the unredacted electronic SVRLs" and similar questions related to the Attorney General's Title III authority in *United States v. Oregon*, No. 26-1231, and *United States v. Weber*, No. 26-1232. *See* U.S. Br., C.A. Doc. 26.1, at 3, *Oregon*, No. 26-1231 (Mar. 18, 2026).

9. Briefing closed in both *Oregon* and *Weber* on or about April 24, 2026. *See generally* U.S. Reply Br., C.A. Doc. 62, *Oregon*, No. 26-1231 (Apr. 24, 2026); U.S. Reply Br., C.A. Doc. 91, *Weber*, No. 26-1232 (Apr. 24, 2026). Oral arguments were heard in both *Oregon* and *Weber* on May 19, 2026. *See* C.A. Doc. 31, *Oregon*, No. 26-1231; C.A. Doc. 44, *Weber*, No. 26-1232.

10. As of the date of this filing, this Court has not issued a ruling in *Oregon* or *Weber*.

11. The United States has informed counsel for Secretary Hobbs and the intervenor-defendants-appellees of its intent to file this Motion, and counsel have consented to the United States's request.

## ARGUMENT AND AUTHORITIES

This Court has the inherent authority to control its docket and modify the time prescribed by the Federal Rules of Appellate Procedure to perform any act. *See* Fed. R. App. P. 26(b); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

This appeal raises common issues to those currently pending in *Oregon* and *Weber*. Like *Oregon* and *Weber*, this appeal asks whether the State's SVRL is a record that "come[s] into [an election officer's] possession" under Title III of the CRA, 52 U.S.C. 20701, because it is internally generated and not a record acquired from an outside source; whether the written demand complied with Title III's requirement to include the basis and purpose of the demand; and whether federal privacy laws excuse Secretary Hobb's non-compliance. *See generally* Def.

Sec'y of State Steve Hobb's Mot. to Dismiss, Doc. 53 (May 11, 2026); *see also* U.S. Br. 14-39, C.A. Doc. 26.1, *Oregon*, No. 26-1231 (Mar. 18, 2026); U.S. Br. 12-48, C.A. Doc. 39, *Weber*, No. 26-1232 (Mar. 18, 2026). In fact, the district court observed that "this case is factually indistinguishable from . . . similar cases" while expressly referencing "*United States v. Oregon*, 828 F. Supp. 3d 1092 (D. Or. 2026)" and "*United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026)." Doc. 96, at 2 n.3.

Under these circumstances, this Court should hold briefing in abeyance pending resolution of *Oregon* and *Weber*. Regardless of the outcome, resolution of *Oregon* and *Weber* will significantly affect how the parties brief this appeal and how this Court decides the issues presented. The outcome of *Oregon* and *Weber* will likely resolve or, at a minimum, substantially narrow the issues in this appeal. And briefing in this case will likely substantially duplicate the briefing in *Oregon* and Weber, making the outcome in those cases determinative of the scope of briefing here. Furthermore, this Court has exercised its authority to hold in abeyance related proceedings presenting the same issues of commonality, *United States v. Fontes*, No. 26-3609 and *United States v. Aguilar*, No.

26-5375. *See* Order, C.A. Doc. 10, *Fontes*, No. 26-3609 (June 22, 2026); Order, C.A. Doc. 13, *Aguilar*, No. 26-5375 (Aug. 27, 2026).

This Court may therefore properly "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979)).

The interests of judicial economy would be furthered by holding this appeal in abeyance pending resolution of *Oregon* and *Weber*. Holding the appeal in abeyance will allow both the Court and the parties to conserve resources and present briefing on the precise issues needed to resolve this appeal. Holding briefing in abeyance pending *Oregon* and *Weber* thus remains the most efficient means for this Court to resolve this case.

The United States reserves the right to seek an expedited appeal in this case following the decisions in *Oregon* and *Weber*. In the event that the decisions in *Oregon* and *Weber* are adverse to the United States, and the United States decides to seek rehearing en banc in those cases, the United States further reserves the right to move at that time to

consolidate this appeal with *Oregon* and *Weber* and seek initial hearing en banc in this case under Federal Rule of Appellate Procedure 40(g).

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Court hold briefing in abeyance pending resolution of *United States v. Oregon*, No. 26-1231, and *United States v. Weber*, No. 26-1232.

Respectfully submitted,

JESUS A. OSETE
Acting Assistant Attorney General

ERIC A. SELL
Deputy Assistant Attorney General

s/ Audrey A. Weaver
ANDREW G. BRANIFF
AUDREY A. WEAVER
Attorneys
Department of Justice
Civil Rights Division
Appellate Section
P.O. Box 14403
Ben Franklin Station
Washington, D.C. 20044-4403
(202) 890-0949

Date: November 10, 2026

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1314 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Audrey A. Weaver
Audrey A. Weaver

Date: November 10, 2026